CHARLES STEELE, Petitioner, v. THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for Carson City, and THE HONORABLE MICHAEL R. GRIFFIN, District Judge, Respondent.

No. 22774

May 13, 1992                                    830 P.2d 1340

*Martillaro and Martillaro,* Carson City, for Petitioner.

*Noel Waters,* District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This petition for a writ of certiorari challenges petitioner's conviction of one count of destruction of personal property (a misdemeanor) in district court, following acquittal of that charge in municipal court.[1]

On November 2, 1989, the state filed in the Carson City Municipal Court a criminal complaint charging petitioner with one count each of battery and destruction of personal property. CCMC 8.04.030, 8.04.045. On May 23, 1990, the municipal court conducted a trial on those charges. The municipal court convicted petitioner of the charge of battery, and acquitted petitioner of the charge of destruction of personal property.

Petitioner appealed to the district court. The notice of appeal specifies that the appeal is from a judgment of conviction for violating CCMC 8.04.030, battery. The district court, following a trial de novo, acquitted petitioner of the charge of battery, but convicted petitioner of destruction of personal property. This petition followed.

Petitioner contends that the district court violated the federal and state prohibitions of double jeopardy by convicting him of a crime for which he had already been acquitted in the municipal court. We agree. It is a well settled, fundamental principle that a verdict of acquittal may "not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy." United States v. Martin Linen Supply Co., 430 U.S. 564, 571 (1977) (quoting United States v. Ball, 163 U.S. 662, 671 (1896)). The Supreme Court has approved of a two-tier trial system for minor offenses, like the one in Nevada, only on the express condition that it not provide for a second trial after an acquittal. Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 305-07 (1984); Ludwig v. Massachusetts, 427 U.S. 618, 631 (1976).

---

[1] "Destruction of personal property" was the language used below. CCMC 8.04.045 refers to "injury to property of another."

The state argues that petitioner waived the right to raise a double jeopardy defense by filing an appeal. This contention lacks merit. Petitioner did not appeal from his acquittal, nor could he have appealed therefrom. Petitioner's appeal went only to his judgment of conviction.

We conclude that the district court exceeded its jurisdiction in convicting petitioner of the crime of destruction of personal property. Further, there is no direct appeal available, and no plain, speedy and adequate remedy in the ordinary course of the law. *See* NRS 34.020(2); City of Las Vegas v. Carver, 92 Nev. 198, 547 P.2d 688 (1976). Accordingly, we grant this petition.

The clerk of this court shall forthwith issue a writ of certiorari to the district court, ordering the district court to vacate its judgment of conviction against petitioner for destruction of personal property.